IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARED R. CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 3:22-cv-01173-SMY |
| ) | |
| JAYSON CLARK, KENNY SHIRES, ) | |
| HARRISBURG POLICE DEPT., ) | |
| GUS ZERTUCHE, DOUG DUVALL, ) | |
| SALATHIEL JOHNSON, ) | |
| DAVID MITCHELL, TIFFANIE CLARK, ) | |
| DONALD KEITH BROWN, ) | |
| ROB JEFFREYS, and ) | |
| UNKNOWN OTHERS (Illinois River CC ) | |
| and Pinckneyville CC Employees), ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jared R. Crawford filed this lawsuit while he was incarcerated in the Franklin County Jail, seeking relief pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff was recently moved to the Washington County Jail (Doc. 17).[1] This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): He was charged with aggravated battery in 2016 in Harrisburg, Illinois, which resulted in his conviction and a 5-year sentence. Defendants Shires, Clark, Zertuche, and Johnson engaged in misconduct in connection

---

[1] Plaintiff states he is in county jail awaiting disposition of a pending federal criminal case (Doc. 1, p. 6).

with that case. Plaintiff was then "unlawfully imprisoned" from 2018 until his conviction was reversed on appeal in June 2021 and the charges were dismissed in March 2022.

While Plaintiff was incarcerated at Pinckneyville Correctional Center, he was subjected to cruel punishment, unfair treatment, and harassment by Defendant Duval and others. He was moved to Illinois River Correctional Center, where he was injured and was on suicide watch. Plaintiff seeks monetary damages.

## **Discussion**

To survive preliminary review under § 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Complaint must also associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and they can properly answer the Complaint. *Id.* at 555. And because Plaintiff brings his claims under § 1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014).

Plaintiff 's allegations are vague and sparse, and therefore violate Rule 8 and *Twombly*.[2] He fails to include any facts supporting his claims of unspecified cruel and unusual punishment, unfair treatment, and harassment during his incarceration at Pinckneyville and Illinois River Correctional Centers.

The Complaint also runs afoul of the rules of joinder. FED. R. CIV. P. 18-21. Specifically, Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. In other words, multiple defendants

---

[2] The Complaint also violates Federal Rule of Civil Procedure 10(b) as the allegations are not set forth in separately numbered paragraphs.

may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all.  FED. R. CIV. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's claims relating to his 2016 prosecution involve one set of defendants (county and municipal officials as well as private parties).  The incidents at Pinckneyville that gave rise to Plaintiff's claims there are distinct in time and place from the incidents at Illinois River, and different Defendants are involved at each prison.  Thus, the Complaint presents at least three sets of claims against different Defendants, based on different legal theories, and these sets of claims arise from separate transactions or occurrences.

Pursuant to *Dorsey v. Varga*, 55 F.4th 1094, 1107-08 (7th Cir. 2022), Plaintiff's Complaint will be stricken based on the improper joinder issues described above.  He may pursue only related claims against a single group of defendants in this case and must file separate lawsuits to pursue his other claims.  Because Plaintiff is in the best position to decide which claims he intends to pursue in this lawsuit, he will be given an opportunity to amend the Complaint before the Court conducts the required merits screening of his claims under § 1915A.

## Disposition

The Complaint (Doc. 1) is **STRICKEN** for improper joinder of claims and/or defendants. Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **June 5, 2023** that focuses on one claim or set of related claims against one or more defendants that arises from a single transaction or occurrence or series of transactions or occurrences.

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore,

the Court will not accept piecemeal amendments to the original Complaint. The First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. **He should label the form "First Amended Complaint" and use the case number for this action (No. 22-1173-SMY)**. Plaintiff should identify each defendant in the case caption and include sufficient factual allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."). As much as possible, Plaintiff should include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant and their involvement in the alleged unconstitutional conduct (for example, John Doe did X and Jane Doe did Y). No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

Should Plaintiff attempt to bring unrelated claims against different groups of defendants in the same Complaint, the Court will exercise its discretion under Rule 21 to sever or dismiss them. Therefore, Plaintiff should instead file one or more additional lawsuits to address each distinct group of claims he wishes to pursue. If he chooses to do so, Plaintiff should remain mindful of the 2-year statute of limitations applicable to his claims under § 1983, and should file any new

lawsuit before the 2-year time period expires.  Plaintiff will be obligated to pay a separate filing fee for each additional suit he files, and he will receive a "strike" for any suit that is dismissed because it is frivolous, malicious, or fails to state a claim.  28 U.S.C. § 1915(g).

If Plaintiff fails to file his First Amended Complaint *in this case* within the allotted time or consistent with the instructions set forth in this Order, the entire case will be dismissed without prejudice for failure to comply with a court order and/or failure to prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal may also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

To facilitate Plaintiff's compliance with this Order, and to enable Plaintiff to file separate lawsuits if he desires to pursue unrelated claims, the Clerk of Court is **DIRECTED** to mail him three blank civil rights complaint forms.

**IT IS SO ORDERED.**

**DATED:  May 3, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**