IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARED R. CRAWFORD, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:22-cv-01173-SMY |
| | ) |
| JAYSON CLARK, and | ) |
| KENNY SHINES, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jared R. Crawford, a prisoner at the Washington County Jail, filed this lawsuit seeking relief pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights.[1] The Court struck the original Complaint (Doc. 1) for improper joinder of claims and/or defendants (Doc. 18). Plaintiff filed a First Amended Complaint (Doc. 21), which is now before the Court for preliminary review under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint[2]

Plaintiff makes the following allegations in his Amended Complaint and memorandum (Docs. 21, 22): Defendant Shines (Harrisburg Police Officer) investigated the events that led to Plaintiff being charged with aggravated battery on April 6, 2016 (Doc. 21, p. 6; Doc. 22, p. 1).

---

[1] Plaintiff's original Complaint stated he is in county jail awaiting disposition of a pending federal criminal case, which is unrelated to his claims herein (Doc. 1, p. 6).
[2] In addition to the First Amended Complaint (Doc. 21), Plaintiff filed a Memorandum of Law in Support of Amended Claim to clarify and add to his claim (Doc. 22). The Court does not ordinarily allow piecemeal amendments to a pleading. However, in consideration of Plaintiff's *pro se* status, the Court will evaluate these two documents together. *See Otis v. Demarasse*, 886 F.3d 639, 644-45 (7th Cir. 2018) (pro se litigants are entitled to some leniency on procedural matters).

1

Shines improperly altered the statement of a witness, who ultimately testified that Plaintiff was not the perpetrator of the crime, and Plaintiff's charges were dismissed. Prosecutor Jayson Clark was complicit in having hidden this exculpatory evidence. Clark filed new (or additional) charges after the dismissal, keeping Plaintiff in jail in an attempt to force a guilty plea.

Shortly before trial, Clark added more charges against Plaintiff, which left his attorney without adequate time to respond or defend.[3] A co-defendant was improperly permitted to testify as an expert witness against Plaintiff. (Doc. 21, p. 6). Plaintiff was convicted, but on June 11, 2021, the conviction was reversed on appeal (Doc. 22, p. 2).

Plaintiff's incarceration resulting from his conviction on the 2016 charge was the direct result of prosecutorial misconduct (Doc. 22, p. 2). After the original conviction was reversed, Prosecutor Clark chose to re-try Plaintiff, keeping him in custody for approximately another year. A few days prior to the new trial, Clark again brought additional charges in an effort to elicit a plea from Plaintiff. This was malicious prosecution. On or about March 16, 2022, the Saline County Circuit Court dismissed the charges against Plaintiff. *Id.*[4]

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: False arrest, false imprisonment, prosecutorial misconduct, malicious prosecution, and official misconduct claims against Defendant Clark.

---

[3] Plaintiff's original Complaint included a copy of the opinion reversing his conviction and remanding for re-trial (Doc. 1, pp. 16-35); *People v. Jared R. Crawford*, 2021 IL App. (5th) 170496, 197 N.E.3d 140 (June 11, 2021). The Court takes judicial notice of this public record. *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). The appellate opinion recites that Plaintiff's trial was set for October 11, 2017, and that additional charges were filed against Plaintiff on October 6, 2017, and on the day of trial. The trial court ordered those new charges to be tried separately and barred any evidence regarding the related alleged conduct (a shooting that occurred after the alleged aggravated battery). *Crawford*, 2021 IL App. (5th) 170496, ¶¶ 4-5. However, testimony regarding the shooting incident was admitted during the trial, and that error led to the reversal of Plaintiff's aggravated battery conviction.

[4] Plaintiff identifies his claims as: False Arrest, False Imprisonment, Prosecutorial Misconduct, and Official Misconduct (Doc. 22, p. 1).

        Count 2:        False arrest, false imprisonment, and official misconduct claims against Defendant Shines.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[5]

### Discussion

### Count 1

Plaintiff cannot maintain a federal civil rights claim against Clark because prosecutors are absolutely immune from being sued over their alleged mishandling of a criminal proceeding. *Imbler v. Pachtman,* 424 U.S. 409, 427-28 (1976); *Atkins v. Gilbert*, 52 F.4th 359, 361 (7th Cir. 2022). Accordingly, Count 1 will be dismissed from this action with prejudice for failure to state a claim upon which relief may be granted.

### Count 2

Illinois law recognizes the civil tort claims of false arrest and false imprisonment. The elements of a false arrest claim are: (1) the plaintiff "was restrained by the defendant;" and (2) "the defendant acted without probable cause." *Boyd v. City of Chicago*, 880 N.E.2d 1033, 1044, (Ill. App. Ct. 2007). The elements of a false imprisonment claim are: "(1) that the plaintiff was restrained or arrested by the defendant; and (2) that the defendant acted without reasonable grounds (*i.e.*, without probable cause) to believe that an offense was committed by the plaintiff." *Grainger v. Harrah's Casino*, 18 N.E.3d 265, 276 (Ill. App. Ct. 2014). However, the existence of probable cause "is an absolute bar" to false arrest and false imprisonment claims. *Holm v. Clark*, 2012 WL 1015956, at *6 (N.D. Ill. Mar. 23, 2012); *Poris v. Lake Holiday Prop. Owners Ass'n*, 983 N.E.2d

---

[5] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

993, 1007 (2013).

The fact that Plaintiff was convicted in 2017 on the aggravated battery charge demonstrates that the charge was supported by probable cause, which bars these claims. Moreover, even if Plaintiff had a viable claim under Illinois law, he could not pursue this claim in a § 1983 civil rights action because a federal court does not enforce state law or regulations. *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989); *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001). Official misconduct by a public officer is a crime under Illinois law. 720 ILCS § 5/33-3. As explained above, however, a violation of state law does not create a federal constitutional claim that may be remedied in a § 1983 action. *Archie*, 847 F.2d at 1217.

For these reasons, Plaintiff fails to state a claim upon which relief may be granted in Count 2. It will be dismissed from this action with prejudice.

## Conclusion

When a Complaint fails to state a claim upon which relief may be granted, the plaintiff is ordinarily given an opportunity to amend the complaint in order to correct the deficiencies. *See* FED. R. CIV. P. 15(a). However, leave to amend need not be granted if it is clear that any amendment would be futile. *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). Plaintiff was given an opportunity to amend his Complaint (Docs. 18, 20). The Court finds that further amendment would be futile, as Plaintiff's claims are not legally viable in a federal civil rights action.

Accordingly, Counts 1 and 2 and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. The Court counts this dismissal as one

of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. If the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: October 11, 2023**

> *s/ Staci M. Yandle*
> **STACI M. YANDLE**
> **United States District Judge**